IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NALEDI ANDERSON and KADIDIATOU TAHIROU,**<br>**Plaintiffs,**<br><br>v.<br><br>**BEHAVIOR INTERVENTIONS, INC.,**<br>**Defendants,** | Docket No.   5:24-CV-01223 |

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT**

**STATEMENT OF MATERIAL FACTS**

Pursuant to The Honorable Joseph F. Leeson, Jr.'s Policies and Procedures, the material facts as to which, Plaintiffs, Naledi Anderson ("Anderson") and Kadidiatou Tahirou ("Tahirou") contends there are genuine issue of material fact which should be determined by a factfinder and not in a dispositive motion. This response to Defendants, Behavior Interventions ("BI"), motion is based as set forth in the accompanying Statement of Material Facts. These facts are not repeated here at length, but will be referred to with accompanying citations to in the argument portion of this brief.

**STATEMENT OF PERTINENT FACTS**

**Anderson's Employment and Termination**

Plaintiff Naledi Anderson ("Anderson") was employed with Behavior Interventions, Inc. ("BI" or "Defendants") from 6/1/22 to 1/16/23. N.T. Anderson, p. 18, Lines 18-24; p. 19, Lines 23-24; p. 20, Lines 1-3, **Exhibit A**.

With permission from Shannon Golightly ("SG"), Anderson signed Encounter Forms on

1

her behalf N.T., Anderson, p. 41, Lines 16-23, p. 42, Lines 1-17. **Exhibit A**

### Anderson's Discrimination Claim (Termination, Retaliation, Emotional Distress)

Anderson informed Defendants about SG's drinking and driving. N.T., Anderson, p. 29, Lines 16-23. **Exhibit A**.

Anderson served the Showalters family ("SW" or "Family A") from 12/13/22 until 1/3/23. BI was well aware of SW's conduct, N.T. Anderson, p. 47, Lines 1-14, **Exhibit A**; N.T. Anderson, pg. 49, Lines 1-24 through pg. 50, Lines 15, **Exhibit A**.

Anderson did not have the prerequisite intent to defraud. N.T. Anderson, pg. 42, Lines 18-24 through pg. 43, Line 24, **Exhibit A**.

### Anderson's Wage Loss Claim

Anderson was employed within one month, however, she was not making the same rate. N.T. Anderson, pg.108, Line 3, **Exhibit A.**

### Tahirou's Employment and Termination

Kadidiatou Tahirou ("Tahirou") was employed with BI from 1/2020 to 1/20/23. N.T. Tahirou, p. 12, Lines 7-22, p. 25, Lines 1-7, **Exhibit B**.

### Tahirou's Discrimination Claim (Emotional Distress)

Tahirou requested a transfer from the Fake family on 10/4/22 due to racial discrimination and refused to reenter the residence, N.T., Tahirou, pgs. 68-69, **Exhibit B;** The Fake family were displayed known racial discriminatory behaviors, N.T. Curfman, pg. 10, Line 8, **Exhibit G**; Supervisor Meeting Notes, **Exhibit H;** July Meeting Notes, **Exhibit I;** October Complaints, **Exhibit J;** Fake Family racial Remarks; **Exhibit K;** and Text Messages regarding racism, **Exhibit L.**

Tahirou met with a therapist for 5 months in 2023 due to her termination. N.T., Tahirou, p.

2

101, Lines 14-20, p. 102, Lines 9-12, **Exhibit B;** Tahirou provided documentation of treatment sessions, **Exhibit M.**

### Tahirou's Wage Loss Claim

Tahirou was employed within 1 month of her termination by BI, but did not start this position immediately. N.T., Tahirou, p. 95, Lines 20-22, **Exhibit B**.

### Tahirou's Retaliation Claim

Tahirou made a Childline report against SG in late November 2022. N.T, Tahirou, p. 55, Lines 16-17. Over 1 month later Tahirou was terminated. N.T. Tomlinson, p. 33, Lines 24-25, p. 34, Lines 1-2, **Exhibit B**.

Tahirou's Encounter forms and Timesheets were not audited until she made a Childline report. N.T. Tahirou, pg. 20, Lines 13-15, **Exhibit B**; Common Practice to sign next day text, **Exhibit C**.

Tahirou was discouraged and ignored by Defendants from reporting Shannon Golightly and her minor's behavior for months. N.T. Tahirou, pg. 37, Lines 10-13, **Exhibit B**. Furthermore, in November 2022, Tahirou informed Lauren, her supervisor to make a Childline report, which was ignored, so Tahirou filed a Childline report. N.T. Tahirou, pg. 55, Lines 10-16, **Exhibit B**. Shortly thereafter, Shannon threatened to have Tahirou and Anderson's job and license taken away by alleging fraud. N.T. Tahirou, pg. 55, Lines 17-23. **Exhibit B**, Investigation Report, **Exhibit D**, N.T. Tomlinson pg. 21, Lines 6-14, **Exhibit E**., N.T. Golightly, pg. 20, Lines 16-17, **Exhibit F**.

### STATEMENT OF THE QUESTIONS INVOLVED

1. Have Plaintiffs established prima facie claims of discrimination, retaliation and failure to promote (Tahirou only) Under Title VII of the Civil Rights Act of 1964?

   Suggested Answer: Yes

3

2. Assuming, arguendo, Plaintiffs have established prima facie claims of discrimination, retaliation and failure to promote (Tahirou only) Under Title VII of the Civil Rights Act of 1964, were Plaintiffs terminated for legitimate, non-discriminatory and non-retaliatory reasons.

   Suggested Answer: No

3. Have Plaintiffs provided direct or circumstantial evidence from which a factfinder could reasonably either (1) disbelieve BI's articulated legitimate reasons for termination; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of BI's actions?

   Suggested Answer: Yes

4. Was BI's termination of Plaintiffs so extreme and outrageous to sustain a cause of action for intentional infliction of emotional distress?

   Suggested Answer: Yes

5. Have Plaintiffs provided competent medical evidence of emotional distress?

   Suggested Answer: Yes

6. Have Plaintiffs suffered lost wages due to wrongful conduct on the part of BI?

   Suggested Answer: Yes

## SUMMARY OF ARGUMENT

Plaintiffs have a prima face case against BI for discrimination and retaliation on the basis of race and intentional infliction of emotional distress. Furthermore, the Plaintiffs can demonstrate BI's reasons to terminate were illegitimate, discriminatory, and retaliatory.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

**I.      Plaintiff have Established Prima Facie Claims of Discrimination, Retaliation or Failure to Promote (Tahirou Only) Under Title VII of the Civil Rights of Act of 1964.**

Summary judgment is improper here because Plaintiffs have established a prima facie case of discrimination, retaliation or failure to promote. Furthermore, Plaintiffs can establish that Defendants are relying upon an illegitimate, and discriminatory reasons for terminating Plaintiffs. Lastly, Defendants rely upon an inapplicable policy to justify terminating Plaintiffs.

A. <u>Plaintiffs Can Establish the Fourth Prong of Their Prima Face Discrimination Claims</u>

In wrongful termination cases within the 3rd Circuit where forgery is alleged as a pretext for termination, the legal considerations for summary judgment focus on whether the employer's stated reason for termination is a pretext for an improper motive. To defeat a motion for summary judgment, the plaintiff must show that the employer's reason for termination is "weak, incoherent, implausible, or so inconsistent that a reasonable factfinder could rationally find [it] unworthy of credence". This involves presenting evidence that contradicts the core facts put forward by the employer as the legitimate reason for termination <u>Bloch v. Mack Trucks, Inc.</u>, 240 F. Supp. 3d 365. (3d Cir. 2017). Plaintiffs have presented evidence to establish an inference of discrimination as to their terminations for a non-legitimate and retaliatory reasons.

1. <u>Plaintiffs Can Establish an Inference of Discrimination as to BI.</u>

The Encounter Form didn't expressly prevent employees with expressed consent from teachers and parents from signing on their behalf.

Absent a definition of "Intentional Fraud" defined in the Fraud, Waste and Abuse Policy, we ask the court to apply 18 PA.C.S § 4101(a)

According to 18 PA.C.S § 4101(a),

**A person is guilty of forgery if, with intent to defraud or injure anyone, or with**

5

> **knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor:**
>
> **(1)  alters any writing of another without his authority;**
> **(2)  makes, completes, executes, authenticates, issues or transfers any writing so that it purports to be the act of another who did not authorize that act, or to have been executed at a time or place or in a numbered sequence other than was in fact the case, or to be a copy of an original when no such original existed; or**
> **(3)  utters any writing which he knows to be forged in a manner specified in paragraphs (1) or (2) of this subsection.**

Similarly, 18 PA.C.S § 4117 (insurance fraud), requires the prerequisite "intent to defraud." The facts in this case does not amount to an intentional fraud. More importantly, Pennsylvania courts have held that if a Plaintiff renders a signature with permission, it does not arise to fraud of forgery. Gati v. Univ. of Pittsburgh, 91 A.3d 723, 733 (Pa. Super. Ct. 2014).

Plaintiffs, Tahirou and Anderson both testified to having received unequivocal expressed consent from SG to sign the Encounter Forms on her behalf. See Material Facts ¶12. testified that there was previous policy in place where you could sign on behalf of parents or caregivers with verbal consent. See Material Facts, ¶7.  Furthermore, Tahirou and Anderson testify that they only billed for times for services they actually rendered. See Material Facts, ¶13; See Material Facts, ¶8.

In this case, all of the adverse action taken by Defendant against Plaintiffs stem from their allegation that SG, an uncredible witness, made complaints to them that Plaintiffs had engaged in fraud or forgery.  See Material Facts, ¶44.

In Williams v. Mercy Health Sys., 866 F. Supp. 2d 490, 493 (E.D. Pa. 2012), Williams, an African-American, Admission Nurse, was terminated shortly after complaining of disparate treatment, racial aggressions, and discriminations for alleged falsification of mileage and blood pressure readings. Id. at 493-495.

6

The Court found that Williams put forth enough evidence to satisfy her burden on summary judgment with respect to pretext for the falsified medical records.

### B. Plaintiffs Can Establish a Prima Facie Retaliation Claim

The Plaintiffs retaliation claim is just as strong, if not stronger than their discrimination claim. To prevail on a claim for retaliation, "an employee must prove that (1) she engaged in a protected employment activity, (2) her employer took an adverse employment action after or contemporaneous with the protected activity, and (3) a 'causal link' exists between the adverse action and the protected activity." Andreoli v. Gates, 482 F.3d 641, 649 (3d Cir. 2007).

#### 1. There is a causal connection between Plaintiffs protected activities and terminations.

Tahirou never had been audited until making a Childline report against SG. See Material Facts, ¶21 SG discovered that Tahirou and Anderson reported her to Childline and threatened to ruin her career and cause her to lose her job with Defendants. See Material Facts, ¶27. A little over 4 weeks after reporting SG to Childline, she was terminated. See Material Facts, ¶13 Prior to this, Tahirou was dissuaded on two (2) occasions by Defendants not to make a Childline report. See Material Facts, ¶27.

Plaintiffs were terminated wrongfully for engaging in a protected activity. Defendants are relying upon an inapplicable policy provision of asserting "Intentional Fraud." The timing of audits and hasty decision to terminate is indicative of Defendants' motives.

### C. BI Terminated Plaintiffs For An Illegitimate, Discriminatory, and Retaliatory Reasons

After Plaintiff establishes her prima facie case, the burden shifts to Defendants to proffer a legitimate non-retaliatory reason for the adverse employment action. Estate of Oliva ex rel.

McHugh v. New Jersey, 604 F.3d 788, 798 (3d Cir. 2010). Causation may be proven by "circumstantial evidence sufficient to raise the inference that [the] protected activity was the likely reason for the adverse action." Kachmar v. Sungard Data Sys., 109 F.3d 173, 177 (3d Cir. 1997). The Court may consider the temporal proximity of a protected act to an adverse employment action when assessing a plaintiff's retaliation case. Fasold v. Justice, 409 F.3d 178, 189-90 (3d Cir. 2005) (holding that "when only a short period of time separates an aggrieved employee's protected conduct and an adverse employment decision" there is evidence for an inference of retaliation).

In Williams, the temporal proximity of Plaintiff's protected activity and her termination suggests retaliation, and a jury could infer that Plaintiff's termination was retaliatory. Williams, at 500. In Williams, the court reasoned that Defendants terminated Plaintiff approximately one month after Williams informed her supervisor that she was filing a charge with the EEOC.

Here, Plaintiffs have offered testimony to having consent from SG to execute time entries on her behalf, testimony that they actually rendered the services in question, and signing on behalf of SG as early as June 2022. See Material Facts ¶27. Furthermore, there has been inconsistencies and discrepancies in SG's testimony to the alleged fraud of the Plaintiffs. Plaintiffs were terminated approximately a month after filing a joint Childline report against SG. See Material Facts, ¶13,

### D. Plaintiffs Can Establish Pretext

To make a sufficient showing of pretext, a plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in an employer's reasons that a reasonable factfinder could rationally find them unworthy of credence. Abramson v. Williams Paterson College, 260 F.3d at 283 (3d Cir. 2001).

In Grazioli, the unusual speed with which the investigation occurred, including the fact that

8

no one asked Grazioli for her side of the story before concluding that her actions warranted termination raised questions about SPR's proffered reason for termination. Grazioli v. Genuine Parts Co., 409 F. Supp. 2d 569, 583 (D.N.J. 2005).

According to the depositions of Plaintiffs, Defendants, and SG the decision to terminate was made shortly after reporting SG to ChildLine and based primarily on SG's testimony, and after her threats against Plaintiffs and Defendants-accusing them of a possible cover up. See Material facts ¶28.

## II. Plaintiffs Can Establish Claims for Intentional Infliction of Emotional Distress.

In Bowerfox, the court held that the allegations describe conduct sufficiently outrageous to state a claim of intentional infliction of emotional distress because, in addition to harassment, defendant allegedly retaliated against plaintiff in ways that made her job impossible to perform. Bowersox v. P.H. Glatfelter Co., 677 F. Supp. 307, 312 (M.D. Pa. 1988).

A. BI's conduct was extreme and outrageous.

1. Plaintiffs were wrongfully terminated.

SG made claims and threats to falsely accuse Tahirou and Anderson in an effort to get Plaintiffs fired, which Defendants acted upon without an extensive investigation. See Material Facts, ¶44.

2. BI responded inappropriately to Plaintiffs' complaints of discrimination.

Plaintiffs expressed on numerous times that they felt unsafe, uncomfortable, and at danger. See Material Facts, ¶20 and ¶21.

B. Plaintiffs have presented competent medical evidence of any emotional distress.

Plaintiffs have presented evidence of therapy sessions. See Material Facts, ¶23 and ¶38. In

9

the Third Circuit, a letter from a doctor can be sufficient to support a claim for emotional distress, but it must meet certain criteria. In re Accredited Home Lender Holding Co., 441 B.R. 443, (Bankr. D. Del. 2011).

**III.     Plaintiffs have provided evidence of Wage Loss Due to Wrongful Conduct of BI**

Anderson was employed within one month of her termination, but at a lower rate. (add paragraph). Anderson did not begin making the same amount of money until approximately two (2) years later See Material Facts, ¶25. Tahirou was employed within approximately one month, but did not start within that month nor generate the same amount of income she did at BI. See Material Facts, ¶40.

## CONCLUSION

Plaintiffs have met their burden to establish prima facie claims of discrimination, retaliation or failure to promote Under Title VII of the Civil Rights Act of 1964. Plaintiffs were terminated for illegitimate, discriminatory and retaliatory reasons.

Plaintiffs respectfully requests this Court to deny Defendants' Motion for Summary Judgment.

Respectfully Submitted,

/s/John Sebree Harris
John Sebree Harris (327031)
235 Peachtree St, NE, Ste 432
Atlanta, GA 30303
(215) 789-6258
Jsharris@therllawfirm.com